1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,            :      16-CR-0627

               v.            :      U.S. Courthouse
                             Brooklyn, New York
SAMUEL MEBIAME,                      :
                             December 9, 2016
               Defendant.    :      1:15 o'clock p.m.

- - - - - - - - - - - - - - - - - - X

TRANSCRIPT OF PLEA
BEFORE THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:              ROBERT L. CAPERS
                                 United States Attorney
                                 By:   JAMES LOONAM
                                       JAMES McDONALD
                                       DAVID PITLUCK
                                 Assistant U.S. Attorneys
                                 225 Cadman Plaza East
                                 Brooklyn, New York 11201

For the Defendant:               LARRY KRANTZ, ESQ.


Court Reporter:                  Anthony M. Mancuso
                                 225 Cadman Plaza East
                                 Brooklyn, New York 11201
                                 (718) 613-2419




Proceedings recorded by mechanical stenography, transcript
produced by CAT.

2

1              (Case called; both sides ready.)

2              MR. LOONAM:  James Loonam for the United States.

3    Good afternoon the your Honor.

4              MR. McDONALD:  Good afternoon, your Honor.  James

5    McDonald for the United States.

6              MR. PITLUCK:  Good afternoon, your Honor.  David

7    Pitluck on behalf of the United States.

8              MR. KRANTZ:  Good afternoon, your Honor.  Larry

9    Krantz for the defendant Samuel Mebiame.

10             THE CLERK:  The Honorable Lois Bloom presiding.

11             THE COURT:  Good afternoon, counsel and good

12   afternoon, Mr. Mebiame.

13             THE DEFENDANT:  Good afternoon, your Honor.

14             THE COURT:  As you may know, this case has been

15   assigned to Judge Garaufis and he's the judge who will make

16   the ultimate decision as to whether to accept your plea and if

17   he does accept your plea he will be the judge who sentences

18   you.  You have the absolute right to have Judge Garaufis

19   listen to your plea without any penalty to you.

20             Do you understand?

21             THE DEFENDANT:  I do, your Honor.

22             THE COURT:  I have before plea, Mr. Mebiame, a form

23   which reflects that you have consented to have me hear your

24   plea here today and I'm going to pass this forward and ask:

25             Is this your signature on the consent form?

3

1          THE DEFENDANT:   Yes, it is, your Honor.

2          THE COURT:   And do you understand this form?

3          THE DEFENDANT:   Yes, I do, your Honor.

4          THE COURT:   And did you consult with your attorney

5   before signing it?

6          THE DEFENDANT:   Yes, I did, your Honor.

7          THE COURT:   Do you understand that you are giving

8   me your consent to hear your plea today?

9          THE DEFENDANT:   Yes, I do, your Honor.

10         THE COURT:   Are you giving my your consent

11  voluntarily and of your own free will?

12         THE DEFENDANT:   Yes, I do, your Honor.

13         THE COURT:   Have any threats or promises been made

14  to you to induce you to agree to have me hear your plea today?

15         THE DEFENDANT:   No, your Honor.

16         THE COURT:   Then, please, pass back the form.   As

17  Mr. Mebiame has said that he has consented to have me hear his

18  plea today voluntarily and of his own free will, I am signing

19  the form and I note that both Mr. Mebiame, his attorney and

20  the U.S. Attorney have signed it and it is dated today.

21         Mr. Mebiame, your attorney advises me that you wish

22  to waive indictment and plead guilty to an information in

23  which you are charged with conspiracy to violate the Foreign

24  Corrupt Practices Act.   This decision to plead guilty is a

25  serious decision and the court must be certain that you

4

1    understand your rights and the consequences of your plea.   I

2    will explain certain matters to you and ask you questions.   If

3    I say anything that you do not understand, please, say so and

4    I will repeat or reword whatever you did not understand.

5              Is that clear?

6              THE DEFENDANT:   It is clear, your Honor.

7              THE COURT:   Will the clerk, please, swear the

8    defendant.

9              THE CLERK:    Mr. Mebiame, please, raise your right

10   hand.

11             (Defendant sworn.)

12   BY THE COURT:

13   Q     Mr. Mebiame, do you understand you have just taken an

14   oath to tell the truth?

15   A     Yes, I do, your Honor.

16   Q     And if you answer any of my questions falsely, your

17   answers may later be used against you in another criminal

18   prosecution for perjury or for making a false statement.   Do

19   you understand?

20   A     Yes, I do, your Honor.

21   Q     What is your full name, sir?

22   A     Samuel Mebiame.

23   Q     How old are you?

24   A     I'm 43 years old.

25   Q     And what schooling or education have you had,

5

1  Mr. Mebiame?

2  A    I have been going to university and French baccalaureate.

3  Q    So you graduated from college?

4  A    Yes, your Honor.

5  Q    And have you had any difficulty in communicating with

6  your attorney?

7  A    No, absolutely not, your Honor.

8  Q    And are you presently or have you recently been under the

9  care of a doctor or a psychiatrist?

10  A    A doctor, just for some issue but not serious.

11  Q    I'm sorry.  I have to ask you what the circumstances of

12  seeing your doctor have been.  Why have you seen a doctor?

13  A    It was for a global checkup.

14  Q    Checkup?

15  A    Yes.

16  Q    This was before you arrested, sir?

17  A    As I was arrested.

18  Q    So you were seen by the doctors when you were brought

19  into the Bureau of Prisons?

20  A    Yes.

21  Q    And have you been under the care of a psychiatrist?

22  A    No, I have not, your Honor.

23  Q    Have you ever been hospitalized or treated for any mental

24  illness?

25  A    No, never, your Honor.

6

1  Q     Have you ever been hospitalized and treated for an

2  addiction to drugs, alcohol or any other substance?

3  A     No, never, your Honor.

4  Q     In the past 24 hours, sir, have you taken any pills,

5  medicine or drugs of any kind?

6  A     No, I haven't, your Honor.

7  Q     Have you drank any alcoholic beverage in the past 24

8  hours?

9  A     No, I haven't, your Honor.

10  Q     Is your mind clear, Mr. Mebiame, as you stand before the

11  court?

12  A     Yes, it is, your Honor.

13  Q     Do you understand the nature of these proceedings today?

14  A     Yes, I do, your Honor.

15         THE COURT:  Mr. Krantz, have you discussed the

16  question of a guilty plea with your client?

17         MR. KRANTZ:  I have, your Honor.

18         THE COURT:  And in your view, does he understand the

19  rights he would be waiving by pleading guilty?

20         MR. KRANTZ:  Yes, your Honor.

21         THE COURT:  And is he capable of understanding the

22  nature of these proceedings?

23         MR. KRANTZ:  Yes.

24         THE COURT:  Do you have any doubts as to the his

25  competency to proceed here today?

7

1          MR. KRANTZ:  No.

2          THE COURT:  Have you advised him of the penalties

3    that can be imposed and discussed the applicable sentencing

4    considerations, including the sentencing guidelines?

5          MR. KRANTZ:  Yes, your Honor.

6    BY THE COURT:

7    Q    Mr. Mebiame, have you had an opportunity to discuss your

8    case with your counsel?  Have you had the opportunity to

9    discuss your case with Mr. Krantz?

10   A    Yes, your Honor.

11   Q    And are you satisfied with the assistance your attorney

12   has given you thus far in this matter?

13   A    Absolutely, your Honor.

14   Q    Have you received a copy of the information, Mr. Mebiame?

15   A    Yes, I did, your Honor.

16   Q    And have you consulted with your attorney about the

17   charge that you will be pleading guilty to?

18   A    Yes, I did, your Honor.

19   Q    And do you understand the charges against you,

20   Mr. Mebiame?

21   A    Yes, I do, your Honor.

22   Q    This information, Mr. Mebiame, charges you with a very

23   serious felony.  The government cannot come to court and

24   simply file a charge like this unless you agree to it.  Under

25   the United States Constitution you have a right to have the

1  evidence that the government has presented to a grand jury of

2  at least 16 and not more than 23 persons.  This group of

3  people are not part of the government.  And they would

4  determine whether or not there was probable cause to believe

5  you committed the crimes charged.  To get an indictment the

6  government would have to persuade a majority of the members of

7  the grand jury that there was probable cause to believe that

8  you committed these offenses.  If the grand jury found

9  probable cause they would return what is called an indictment.

10  If not, no charge would be brought against you.

11         So when you waive indictment you give up the right

12  to have the grand jury make the determination and you say it

13  is fine with you that the government has come to the court and

14  filed the charge, which is called the information, directly.

15         Have you discussed with your attorney the matter of

16  waiving your right to indictment by a grand jury?

17  A    Yes, I did, your Honor.

18  Q    And do you understand that you have the right to be

19  indicted by a grand jury?

20  A    Yes, I do, your Honor.

21         THE COURT:  Mr. Krantz, are you satisfied that your

22  client understands what it is to waive indictment?

23         MR. KRANTZ:  Yes, your Honor.

24         THE COURT:  And do you see any reason why he should

25  not waive indictment?

1  MR. KRANTZ:  No, your Honor.

2  Q    Mr. Mebiame, has anyone threatened or forced you to waive

3  your right to be indicted by the grand jury?

4  A    Absolutely not, your Honor.

5  Q    And do you wish to waive your right to be indicted by the

6  grand jury, sir?

7  A    Yes, I do, your Honor.

8  Q    I'm going to pass forward another form, which is called

9  waiver of an indictment.  I'm going to ask:  Is this your

10  signature on this waiver of indictment form?

11  A    Yes, it is, your Honor.

12  THE COURT:  Please, pass it back.  I find that

13  defendant's waiver of indictment is knowingly and voluntarily

14  made and I accept it and, therefore, I am signing the waiver

15  of indictment.

16  Q    The first and most important thing that you must

17  understand, Mr. Mebiame, is that you have a right to plead not

18  guilty to this charge, to persist in that plea.  Under the

19  constitution and laws of the United States you would have the

20  right to a speedy and a public trial before a jury with the

21  assistance of your attorney.

22  Do you understand?

23  A    Yes, I do, your Honor.

24  Q    You are presumed to be innocent and you would not have to

25  prove that you were innocent.  At trial the burden is on the

10

1    government to prove beyond a reasonable doubt that you are

2    guilty of the crime charged.

3            Do you understand?

4    A    Yes, I do, your Honor.

5    Q    I understand you will be pleading guilty to the

6    information which charges you with knowingly and wilfully

7    conspiring to commit offenses against the United States,

8    specifically, conspiring to violate the Foreign Corrupt

9    Practices Act.

10           In order to prove that you conspired to violate the

11   Foreign Corrupt Practices Act, the government must establish

12   beyond a reasonable doubt the following:   That two or more

13   persons entered into an unlawful agreement; that the defendant

14   knowingly and intentionally became a member of that

15   conspiracy; and, that at least one overt act in furtherance of

16   the conspiracy was knowingly and wilfully committed by at

17   least one member of the conspiracy.

18           The overt act is any action intended to help achieve

19   the conspiracy.   An overt act need not in itself be a criminal

20   act, but it must contribute to furthering the conspiracy.

21           The conspiracy was to violate the Foreign Corrupt

22   Practices Act.   The Foreign Corrupt Practices Act makes it a

23   federal crime to offer or promise to make payment or to

24   actually make payments to foreign government officials in

25   order to obtain or retain business.

1       The elements of this crime are:  The defendant acted

2   corruptly and wilfully, with the intent to improperly

3   influence the official knowing it was wrong to do so.  The

4   defendant offered, paid, promised to pay or authorized the

5   payment of money or anything of value.  The payment or gift

6   was to a foreign official or to any person while the defendant

7   knew that all or a portion of the payment or gift would be

8   offered, given or promised directly or indirectly to a foreign

9   official.

10      Foreign official means any officer or employee of a

11  foreign government or any department, agency or

12  instrumentality thereof.  The payment was for one of four

13  purposes.  To influence any act or decision of the foreign

14  public official in his official capacity; to induce the

15  foreign public official to do or omit to do any act in

16  violation of that official's lawful duty; to induce that

17  foreign official to use his influence with a foreign

18  government or instrumentality thereof; to effect or influence

19  any act or decision of such government or instrumentality or

20  to secure any improper advantage.

21      The defendant, while in the territory of the United

22  States did an act in furtherance of the offer, payment,

23  promise to pay or authorization of the giving of anything of

24  value to the foreign official, and the payment was made to

25  assist the defendant in obtaining or retaining business for or

1    with or directing business to any person.

2            If the government fails to present sufficient

3    evidence to prove each element of the crime beyond a

4    reasonable doubt, the jury would have the duty to find you not

5    guilty.

6            Do you understand?

7    A    Yes, I do, your Honor.

8    Q    In the course of a trial witnesses for the government

9    would have to come to court and testify in your presence.

10   Your lawyer would have the right to cross-examine these

11   witnesses, to object to evidence offered by the government and

12   to offer evidence in your behalf?

13           Do you understand?

14   A    Yes, I do, your Honor.

15   Q    You would have the right to compel the attendance of

16   witnesses at trial.  Do you understand?

17   A    Yes, I do, your Honor.

18   Q    Although you have the right to testify at trial, you

19   cannot be compelled to testify and incriminate yourself.  If

20   you decided not to testify, the court would instruct the jury

21   they cannot hold that against you.

22           Do you understand?

23   A    Yes, I do, your Honor.

24   Q    If you plead guilty, I will ask you questions about what

25   you did in order to satisfy myself that you are guilty of the

1    charge to which you seek to plead guilty and you will have to

2    answer my questions and acknowledge your guilt.  Thus, you

3    will be giving up the right that I have just described, that

4    is, the right not to say anything that would show that you are

5    guilty of the crime with which you are charged?

6              Do you understand?

7    A    Yes, I do, your Honor.

8    Q    If you plead guilty, and the court accepts your guilty

9    plea, you will be giving up your right to a trial and all the

10   other rights I have just discussed.  There will be no trial

11   and the court will simply enter a judgment of guilty based on

12   your plea?

13             Do you understand?

14   A    Yes, I do, your Honor.

15   Q    Mr. Mebiame, are you willing to give up your right to a

16   trial and the other rights I have just discussed with you?

17   A    Yes, I do, your Honor.

18             THE COURT:  Is there an agreement pursuant to which

19   the plea is being offered?

20             MR. LOONAM:  Yes, your Honor.

21             I apologize if I missed your Honor covering this

22   advisement.  But Mr. Mebiame is currently represented by

23   retained counsel.  So he's aware of his right to counsel.  But

24   if he were to proceed to trial and it came to a point where he

25   couldn't afford counsel, the court would appoint counsel on

1   his behalf to assist him at trial.

2           THE COURT:   Thank you, Mr. Loonam.  I appreciate

3   that.

4   Q    Mr. Mebiame, Mr. Loonam is absolutely right.  I need to

5   make sure that you understand you have the right to counsel

6   and if you are unable to afford counsel you may ask the court

7   to appoint counsel for you.  You have retained Mr. Krantz to

8   represent you.  But Mr. Loonam is right that I am supposed to

9   advise you if you are unable to afford counsel the court would

10  appoint counsel to represent you?

11          Do you understand, sir?

12  A    Yes, I do, your Honor.

13  Q    Very good.

14          MR. LOONAM:   Your Honor should have a signed plea

15  agreement on bench.

16          THE COURT:   Is it marked Court Exhibit 1?

17          MR. LOONAM:   It is.

18          THE COURT:   Then I will pass this forward.

19  Q    Mr. Mebiame, please, look this agreement over, sir, with

20  your attorney and then I will ask is it your signature on page

21  seven of the agreement.

22  A    Yes, your Honor.

23  Q    Mr. Mebiame, I'm going to summarize the agreement.  You

24  are pleading guilty to the information charging you with a

25  violation of Title 18, United States Code, Section 371, which

1  is the conspiracy statute.  In exchange the government agrees

2  that no further criminal charges will be brought against you

3  for making corrupt payments to foreign officials in Chad,

4  Niger and Guinea for money laundering in connection therewith,

5  it being understood that that agreement does not bar the use

6  of such conduct as a predicate act or as the basis for a

7  sentencing enhancement in a subsequent prosecution?

8          Do you understand?

9  A    Yes, I do.

10 Q    The United States Attorneys Office will take no position

11 concerning where within the guidelines range determined by the

12 court the sentence should fall and will make no motion for an

13 upward departure under the sentencing guidelines.  Defendant

14 agrees not to file an appeal or otherwise challenge the

15 conviction or sentence in the event that the court imposes a

16 term of imprisonment of 60 months or below?

17         Does the written agreement that I have summarized

18 fully and accurately reflect your understanding of the

19 agreement that you have entered into with the government?

20 A    Yes, it is, your Honor.

21         THE COURT:  Mr. Krantz, did you want to say

22 something about that.

23         MR. KRANTZ:  Only because you used the word fully.

24 There are of course some other provisions in the agreement.  I

25 want to make the record clear that the written agreement

1   speaks for itself.  I don't need to add to the record.  There

2   are some provisions that your Honor didn't mention.

3                THE COURT:  You are absolutely right.  Is there

4   anything that you want specifically mentioned on the record?

5   I was only summarizing.  If there's anything that you want

6   placed on the record that was part of the agreement that you

7   want on the record, otherwise you're right, the document is

8   seven pages long.  I only said three lines of that seven page

9   plea agreement.  But if there was anything that you wanted to

10  put on the record.

11               MR. KRANTZ:  I think the agreement is fine to speak

12  for itself.  I just in an excess of caution wanted to clarify

13  that there are some provisions in there that have not been

14  summarized that are in the document itself.

15               THE COURT:  And you are correct.  And I am

16  correcting the record, if it was misleading that I said fully

17  and accurately.

18               MR. KRANTZ:  Thank you, your Honor.

19  Q    Mr. Mebiame, apart from the promises contained in that

20  written agreement discussed moments ago, has anyone made any

21  other promise to you that has caused you to plead guilty?

22  A    No, your Honor.

23  Q    Has anyone made any promise as to what your sentence will

24  be?

25  A    No, your Honor.

1    Q     Mr. Mebiame, let me discuss with you the consequences of

2    your pleading guilty here today.   You're pleading guilty to

3    the information that we have just discussed.   The sole count

4    in the information carries the following statutory penalties:

5    A maximum term of imprisonment of five years and a minimum

6    term of imprisonment of zero years.   There is a maximum three

7    year term of supervised release to follow any term of

8    imprisonment.   There is a maximum fine, which is the greater

9    of $250,000 or twice the gross gain or twice the gross loss.

10   Restitution is mandatory and to be determined by the court in

11   the full amount of each victim's losses?

12             There is also a special assessment of $100 which

13   must be paid prior to sentencing.

14             Do you understand?

15   A     Yes, I do, your Honor.

16   Q     In determining what sentence to impose Judge Garaufis

17   will consider the guidelines issued by the United States

18   Sentencing Commission and the other factors specified by

19   Section 3553(a) of Title 18 to determine whether to impose a

20   sentence within that range.   These other factors considered

21   include the nature and circumstances of the crimes committed,

22   your characteristics and history and the public interest in

23   the sentence.   Prior to sentencing, the court will receive a

24   presentence report containing information about these factors

25   and the guidelines.   You and your lawyer will have the

18

1    opportunity to see that report and to speak on your behalf at

2    sentencing?

3          Do you understand?

4    A    Yes, I do, your Honor.

5    Q    Have you and your attorney talked about how the

6    sentencing commission guidelines might apply to your case?

7    A    Yes, we did, your Honor.

8          THE COURT:  May I ask, Mr. Loonam, although the

9    guidelines are advisory, does the government have an estimate

10   of what the guideline is likely to be.

11         MR. LOONAM:  We do and Mr. McDonald is going to

12   explain that to the court.

13         THE COURT:  Thank you.

14         Mr. McDonald.

15         MR. McDONALD:  Yes, your Honor.

16         The sentencing guidelines for this offense are found

17   at chapter 2C1.1 and, based on the estimate currently

18   available, the base offense level will include an offense

19   level of twelve, an enhancement of two levels for more than

20   one bribe having been paid, an enhancement of 18 levels for a

21   gain of over 3.5 million and enhancement of four levels for

22   high level foreign officials having been the recipients of the

23   bribes for a total offense level of 36.  And we expect that

24   there will be a three-level reduction based on the defendant's

25   acceptance of responsibility and the government's motion for

1    an additional level based on his timely and early plea, for a

2    final offense level of 33, which gives a guideline range of

3    135 to 168 months, which is above the statutory maximum of 60

4    months, your Honor. So the effective range will be 60 months.

5              THE COURT: Thank you.

6              Is that your estimate well, Mr. Krantz?

7              MR. KRANTZ: At the moment it is. I reserve my

8    right to object, if necessary. At that moment that is my

9    current thinking about the situation.

10   Q    Mr. Mebiame, keep in mind that these are just estimates

11   and could be wrong. Judge Garaufis will calculate the

12   guideline range and determine whether to follow or depart from

13   the applicable guideline range.

14             Do you understand that any estimate that you are

15   given is not binding and could be rejected by the court?

16             Do you understand that?

17   A    Yes, I do, your Honor.

18   Q    If your sentence is higher than you expect, you will not

19   be able to withdraw your guilty plea. Is that clear?

20   A    Yes, it is, your Honor.

21   Q    In addition to imprisonment you may be sentenced to

22   supervised release. Supervised release means that after you

23   are released from prison your activities will be supervised by

24   the probation department and there may be restrictions placed

25   on your liberty, such as travel limitations, requirements that

1  you report regularly to a probation officer, prohibitions on

2  carrying guns and other limits?

3            Do you understand the nature of supervised release?

4  A    Yes, I do, your Honor.

5  Q    As I detailed in reviewing the consequences of your plea,

6  the maximum supervised release term is three years, which

7  follows any term of imprisonment.  If you violate the

8  conditions of the release, even if the violation occurs close

9  to the end of the supervised period, you can be returned to

10 prison for up to two years without credit for pre-release

11 imprisonment or the time previously served on post-release

12 supervision?

13           So, if you don't follow the conditions of supervised

14 release your prison term could be lengthened by the supervised

15 release term that is imposed.

16           Do you understand?

17 A    Yes, I do, your Honor.

18 Q    Mr. Mebiame, if you are not a citizen of the United

19 States, removal from the United States is presumptively

20 mandatory because of the crime you are pleading guilty to.

21 Removal and other immigration consequences are the subject of

22 a separate proceeding.  However, you understand that if you

23 are not a citizen of the United States, no one, including your

24 attorney, the prosecutor, or the district court can predict

25 with certainty the effect of your conviction on your

1    immigration status?

2          If you are not a citizen of the United States,

3    because you are pleading guilty to this crime, there will be

4    immigration consequences requiring your removal from the

5    United States and you will not be permitted to reenter the

6    United States.  You must affirm that you want to plead guilty

7    regardless of any immigration consequences that your plea may

8    entail.

9          Do you understand?

10   A    Yes, I do, your Honor.

11   Q    And do you still want to plead guilty?

12   A    Yes, I do, your Honor.

13   Q    If, after you are sentenced, you or your attorney think

14   that the court has not properly followed the law in sentencing

15   you, you can appeal your sentence to a higher court.  However,

16   you have agreed not to appeal or otherwise challenge the

17   conviction or sentence in the event the court imposes a term

18   of imprisonment of 60 months or below.  By pleading guilty,

19   you will not, under limited and rare circumstances, be able to

20   challenge your judgment of conviction?

21         Do you understand?

22   A    Yes, I do, your Honor.

23   Q    Mr. Mebiame, do you have any questions that you would

24   like to ask me about the charge, your rights or anything else

25   relating to this matter?

1  A    No.  I don't have any questions, your Honor.

2  Q    Is everything clear to you, sir?

3  A    Yes, it is, your Honor.

4        THE COURT:  Mr. Krantz, do you know of any reason

5  why your client should not enter a plea of guilty to the

6  charge?

7        MR. KRANTZ:  No, your Honor.

8        THE COURT:  Are you aware of any viable legal

9  defense to the charge?

10        MR. KRANTZ:  No, your Honor.

11  Q    Mr. Mebiame, are you ready to plead?

12  A    Yes, I am, your Honor.

13  Q    Mr. Mebiame, how do you plead to the information, guilty

14  or not guilty?

15  A    I plead guilty.

16  Q    Are you making this plea of guilty voluntarily and of

17  your own free will?

18  A    Yes, I do, your Honor.

19  Q    Has anyone threatened or forced you to plead guilty?

20  A    No, your Honor.

21  Q    Has anyone made you any promise that caused you to plead

22  guilty?

23        MR. KRANTZ:  Aside from the plea agreement, your

24  Honor.

25  Q    Aside from the plea agreement, has anyone made you any

1   promise that caused you to plead guilty?

2   A     No, your Honor.

3   Q     Has anyone made you any promise about the sentence you

4   will receive?

5   A     No, your Honor.

6   Q     Mr. Mebiame, please, describe briefly, in your own words,

7   what you did in connection with the crime charged in the

8   information.

9   A     Thank you, your Honor.

10         I reached an agreement with at least one other

11   person to provide improper benefits to certain government

12   officials in certain African countries, including Guinea, in

13   order to obtain business opportunities.

14         For example, and as part of this agreement, in

15   approximately 2011, I helped to arrange the rental of a

16   private plane for the use of an official of Guinea.  The

17   reason we provided this benefit to the official was to

18   influence him in the performance of his official duties.

19   Specifically, we wanted him to help arrange for the government

20   of Guinea to grant a mining contract to a private company.  As

21   part of this agreement I informed the Guinea official that the

22   plane was available for his use and the official did use the

23   plane.

24         In approximately August 2011, I sent an e-mail in

25   furtherance of this plan from the U.S. in addition, in

1  September 2011 I traveled from Paris to New York through JFK

2  Airport in Queens, in furtherance of this agreement.

3       I knew at the time that the Guinea official was not

4  supposed to be influenced in the carrying of his official

5  duties by his receipt of things of value, such as the use of a

6  private plane, but I engaged in this conduct anyway.  I

7  apologize for and regret my actions.

8       THE COURT:  Mr. Loonam, is there anything else that

9  needs to be asked of Mr. Mebiame?

10       MR. LOONAM:  No.  I think that's sufficient, your

11  Honor.

12       THE COURT:  Anything else, Mr. Krantz?

13       MR. KRANTZ:  No, your Honor.  I believe that

14  satisfies the statutory requirements.

15       THE COURT:  Based on the information given to me I

16  find that Mr. Mebiame is competent, that he is acting

17  voluntarily, that he fully understands the charges, his rights

18  and the consequences of his plea here today and I find that

19  there is a factual basis for the plea.  I, therefore,

20  recommend to Judge Garaufis that he should accept defendant's

21  plea of guilty to the information.

22       I have been told that Judge Garaufis has set

23  sentencing in this matter for Thursday, April 6, 2017 at 11:00

24  a.m. in courtroom 4 D south.

25       Unless anybody has any further business that the

25

1   court needs to be addressed, this matter is adjourned.   Thank

2   you.

3                   MR. LOONAM:   Thank you, your Honor.   Good day.

4                              ooooo0oooooo